**IN THE COURT OF APPEALS OF TENNESSEE**

**EASTERN SECTION**

FILED

July 3, 1996

Cecil Crowson, Jr.
Appellate Court Clerk

| | |
|---|---|
| ERNEST WHITE PATTON, III, | ) C/A NO. 03A01-9601-CH-00001 |
| | ) |
| Plaintiff, | ) HAMILTON CHANCERY |
| | ) |
| v. | ) HON. R. VANN OWENS, |
| | ) CHANCELLOR |
| LINDA HARVEY PATTON, | ) |
| | ) MODIFIED AND |
| Defendant. | ) REMANDED |

ALBERT L. WATSON, III, Chattanooga, for Plaintiff-Appellant.

ARTHUR C. GRISHAM, JR., GRISHAM, KNIGHT & HOOPER, Chattanooga, for Defendant-Appellee.

**O P I N I O N**

Franks. J.

In this divorce action, the husband appeals from the Trial Court's determination of the classification of property as marital property and the division of the marital estate.

The parties were married in 1984, and resided together for approximately nine years. Prior to their marriage, the husband had purchased a house and land at 2606 Crescent Club Drive (?Crescent Club property?), and the wife

had purchased 2.5 acres of unimproved land on Scenic Highway in Hamilton County. Title to the Crescent Club property is held solely by the husband, and the title to the Scenic Highway property is titled solely to the wife. However, the Trial Judge declared both properties to be marital property and awarded the Scenic Highway property to the husband, and the Crescent Club property to the wife. The Court did not place a value on the Crescent Club property, but concluded there was approximately $74,000.00 in equity in that property, but he did find that the Scenic Highway property was valued at $30,000.00.

When the husband purchased the Crescent Club property he made a downpayment of $73,000.00, and borrowed $9,500.00 from his soon-to-be wife, and gave her a promissory note in return, which was applied as an additional downpayment on the property, as well. When the wife purchased the Scenic Highway property, which was also before the parties married, the husband paid $10,000.00 toward the purchase of that property.

This case is before us *de novo* with a presumption of correctness as to factual issues. T.R.A.P. Rule 13. The evidence establishes that the husband, in addition to making the downpayment on the Crescent Club property, paid the monthly mortgage payments out of his monies, and the downpayment, with the exception of the loan from the wife, came from the husband's inheritance.

In defending the Trial Court's classification of the property, the wife argues that the doctrine of transmutation is applicable here. We cannot agree. *Batson v. Batson*, 769

2

S.W 2d 849 (Tenn. App. 1988) is instructive. The Court first observed:

> Tennessee is a ?dual property? jurisdiction because its divorce statutes draw a distinction between marital and separate property. Since Tenn. Code Ann. §36-4-121(a) (Supp. 1988) provides only for the division of marital property, proper classification of a couple's property is essential. *See 3 Family Law and Practice* §37.08[1] (1988). Thus, as a first order of business, it is incumbent on the trial court to classify the property, to give each party their separate property, and then to divide the marital property equitably. *See* 2 h. Clark, *The Law of Domestic Relations in the United States* §16.2, at 183-84 (2d ed. 1987).

> Tenn. Code Ann. §36-4-121(b) contains the ground rules for classifying property, and little elaboration is needed beyond the statute itself. Tenn. Code Ann. §36-4-121(b)(2) defines ?separate property? as:

>> all real and personal property owned by a spouse before marriage; property acquired in exchange for property acquired before marriage; income from and appreciation of property owned by a spouse before marriage except when characterized as marital property under subdivision (b)(1); and property acquired by a spouse at any time by gift, bequest, devise or descent.

> This Court has construed this section to mean that gifts by one spouse to another of property that would otherwise be classified as marital property are the separate property of the recipient spouse. This Court has also found that the portion of a spouse's pension or other retirement benefit attributable to creditable service prior to the marriage is separate property.

The Court then went ahead to discuss the doctrine of transmutation and said:

> [s]eparate property may become part of the marital estate if its owner treats it as if it were marital property. Professor Clark describes the doctrine of transmutation as follows:

>> [Transmutation] occurs when separate property is treated in such a way as to give evidence of an intention that it become marital property. One method of causing transmutation is to

3

purchase property with separate funds but to take title in joint tenancy. This may also be done by placing separate property in the names of both spouses. The rationale underlying both these doctrines is that dealing with property in these ways creates a rebuttable presumption of a gift to the marital estate. This presumption is based also upon the provision in many marital property statutes that property acquired during the marriage is presumed marital. The presumption can be rebutted by evidence of circumstances or communications clearly indicating an intent that the property remain separate.

1 H. Clark, *The Law of Domestic Relations in the United States* §16.2, at 185 (1987).

Several reported and unreported cases have discussed and applied the doctrine of transmutation in property settlement situations, but none is applicable to the facts of this case.

During the course of the trial, the husband explained why he held title solely to the Crescent Club property. He said:

Q.    Mr. Patton, was there any reason why you did not purchase this property at Crescent Club with Mrs. Patton prior to the marriage?

A.    Yes, sir, there is.

Q.    What is that reason?

A.    Well, Mrs. Patton, Betsy had been married three times previous to our marriage, three times previously. I would be putting myself I thought at great risk to purchase anything jointly with her. I really didn't know what would happen, what would transpire in the marriage, but the history pretty much speaks for itself so I was trying to protect my assets and my property.

Q.    Did you ever transfer any interest of the Crescent Club property to Mrs. Patton?

A.    No, sir.

The parties resided in the Crescent Club property, but this

4

fact alone does not trigger the doctrine of transmutation. The evidence is clear that the husband intended that this property be his separate property, as evidenced by the legal title and his paying the mortgage payments, taxes and maintenance out of his income. Moreover, the evidence preponderates against the finding that the Scenic Highway property was marital property.

From the parties' testimony, both are of the opinion that the Crescent Club property has more equity than found by the Trial Court. The wife would be entitled to any increase in the value of the Crescent Club property during the marriage because she substantially contributed to the appreciation and preservation of the property. *Harrison v. Harrison*, 912 S.W.2d 124 (Tenn. 1996). We conclude that the Crescent Club property should be sold, the balance of the indebtedness be paid, and the husband be then given the $73,000.00 downpayment which he paid, with any remaining money divided equally between the parties. The Scenic Highway property we find is the wife's separate property, and she is awarded that tract. The $9,500.00 note to the wife will be set off against the husband's $10,000.00 payment toward the purchase of the Scenic Highway property. The Hemphill property which was also the wife's separate property, is likewise awarded to the wife.

The husband also complains about the award of personal property to the wife. At the time of separation, the husband took personal property from the house, but contends that there is additional property that he inherited from his mother which he should be awarded, and is now in the possession of the wife. The husband raised this issue before

5

the Trial Judge in the motion for a new trial, and the Trial Judge appointed a mediator to resolve the dispute, but apparently the husband did not meet with the mediator although several opportunities were given. We do not grant the husband relief on this issue because he failed to take action available to him to prevent the alleged error. T.R.A.P. Rule 36(a).

The judgment of the Trial Court is affirmed as modified, and the cause remanded with the costs assessed one-half to each party.


_____
Herschel P. Franks, J.


CONCUR:




_____
Houston M. Goddard, P.J.




_____
Charles D. Susano, Jr., J.